# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4847 | **DATE** | 6/3/2013 |
| **CASE TITLE** | J&J Sports Productions, Inc. vs. Carlos U. Pena, et al. | | |

## DOCKET ENTRY TEXT

Defendants' Motion for Relief From Default Judgment and Leave to File an Answer [13] is denied.

*/s/ Charles Norgle*

■ [ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　On September 13, 2012, the Court granted Plaintiff J&J Sports Productions, Inc.'s ("Plaintiff") motion for default judgment. Before the Court is Defendants Carlos U. Pena and Le Fe Grocery, Inc. d/b/a/ Taqueria San Matias (collectively, "Defendants") Motion for Relief From Default Judgment and Leave to File an Answer. For the following reasons, the motion is denied.

　　Citing Connecticut National Mortgage Co. v. Brandstatter, 897 F.2d 883 (7th Cir. 1990), Defendants argue that the default judgment should be vacated because the Court entered the judgment before affording Defendants (the defaulting party) an opportunity to account for their conduct and seek leave to file an untimely answer. In Brandstatter, the court, without notice, entered a default judgment against the defendant and vacated the order setting the matter for a status hearing. Id. at 884. On the day the status hearing was scheduled, the defendant filed an answer to the complaint in the clerk's office and then proceeded to the courtroom to request leave to file the untimely answer. Id. But when he arrived, the defendant learned that default judgment had been entered against him. Id. Two days later, the defendant filed a motion to vacate the judgment, which was denied. Id. The Seventh Circuit vacated the court's judgment and remanded the case for consideration of the defendant's motion for leave to file the untimely answer. Id. at 885. The case was remanded "to be certain that the judge would have denied the defendant's motion had she known of it prior to entering default judgment." Calumet Lumber, Inc. v. Mid-Am. Indus., Inc., 103 F.3d 612, 615 n.1 (7 th Cir. 1997) (citing Brandstatter, 897 F.2d at 885).

　　Defendants contend that the facts of Brandstatter are parallel to the facts here. Not so. On September 13, 2012, the Court entered default judgment against Defendant, indicating that the parties need not appear for September 14, 2012 hearing on the motion. The same day, counsel for Defendants electronically filed an appearance—after the close of regular business hours. Neither Defendants nor their counsel, however, appeared personally on September 14, 2012, and no answer was filed. Defendants' assertion that they were "not allowed to ask for leave to file an answer" is disingenuous. Defs.' Mot. For Relief From Default J. & Leave to File an Answer 3. Defendants then waited twenty-two days after the Court entered default judgment

| STATEMENT |
|---|

to file the instant motion to vacate the Order and for leave to file an answer. Indeed, Defendants did not schedule the motion for presentment until thirty-six days after the Court's Order. In sum, Defendants took no action in this case. Prior to the Court's entry of default judgment, there was no appearance on file, no answer to the complaint, no motions filed on behalf of Defendants, and no communication with the Court. On the date scheduled for hearing Plaintiff's motion for default judgment, Defendants neither filed an answer, nor appeared to orally request leave to file an untimely answer or for time to respond to the motion.

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "In order to have a default judgment vacated, the moving party must demonstrate: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Wehrs v. Wells, 688 F.3d 886, 890 (7th Cir. 2012) (internal quotation marks and citation omitted).

Defendants argue that their inability to retain counsel, due to financial difficulties, constitutes good cause to vacate the default judgment. The Court disagrees. Although the Seventh Circuit has stated in dicta that "lack of counsel may sometimes be a factor warranting relief under Rule 60(b)," McKnight v. U.S. Steel Corp., 726 F.2d 333, 338 (7th Cir. 1984), this case does not warrant such relief. Defendants were served with the summons and complaint on July 31, 2012. Defendants had approximately forty-four days (prior to entry of default judgment) to ask the Court for more time to retain counsel and to answer the complaint, but failed to do so. Moreover, Defendants were fully aware of the pending litigation, but took only the most minimal steps to secure counsel. Although Pena attempted to retain Guillermo F. Martinez and Associates on August 9, 2012, they refused to take the case; instead, referring him to the Law Offices of Gemma Dixon. Pena did not meet with attorney Gemma Dixon until August 22, 2012—after Defendants were in default for failing to file an answer. Pena claims that he could not afford to retain her as counsel until September 12, 2012. Financial difficulty, however, does not excuse Defendants' failure to exercise reasonable diligence in attempting to procure counsel prior to default. Because Defendants fail to show good cause for the default, their motion to vacate is denied.

IT IS SO ORDERED.